IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MERITTE, ) | |
| N-03561, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 12-CV-263-JPG |
| ) | |
| C/O KESSEL, C/O GANGLOFF, ) | |
| WARDEN MARC HODGE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for threshold review of the Plaintiff's civil rights complaint alleging violations of 42 U.S.C. § 1983. Plaintiff, who is incarcerated at Lawrence Correctional Center, Sumner, Illinois, asserts that because that he and his former, Regis Higgins[1] filed several grievances against the defendant correctional officers, he has been subject to retaliation for filing grievances and he fears for his safety.

**A.     THRESHOLD REVIEW**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if. . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir.1999) (quoting 28 U.S.C. § 1915A(b)(1)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, there must be "enough facts to

---

[1] Regis Higgins' claims were severed from the claims in this case and are now part of a separate cause of action, *See Higgins v. Kessel, et. al*, 12-632-JPG.

state a claim to relief that is plausible on its face." *Id*.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, see *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim.  *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit has directed that courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. See *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir.2009).

**B.     DISCUSSION**

Section 1983 authorizes a court to grant relief when a party's federally protected rights have been violated by a state or local official or other person acting under color of state law. 42 U.S.C. § 1983. Under the plain language of the statute, § 1983 only applies against those acting under the color of law. In other words, the defendant must be a state actor. *See Wilson v. McRae's, Inc.*, 413 F.3d 692, 693 (7th Cir.2005).

The Seventh Circuit has held that "[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for

2

different reasons, would have been proper." *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) (*quoted in*, *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012)).   And, a "prisoner has a First Amendment right to make grievances about conditions of confinement." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010).

It is helpful for the Court to break down the allegations of the complaint into separate claims.   Plaintiff has alleged that defendants Kessel and Gangloff retaliated against Plaintiff and threatened him for exercising his First Amendment rights to file a grievance against them, which the Court will refer to as "Count 1."   He further alleges that he sought to be moved to a different cell and filed an emergency grievance seeking transfer, which he alleges is still pending (Count 2).   Plaintiff also alleges that since March of 2012, he has received threats from other inmates for participating in the grievances against Kessel and Gangloff, which the Court construes as a failure to protect claim (Count 3).   The Court **FINDS** that these claims are sufficient to pass threshold review, and Plaintiff may proceed on these claims.

With respect to Plaintiff's claims against defendant Hodge, all that is alleged is that Hodge has not transferred plaintiff (Count 4).   Under § 1983 a plaintiff must also show the defendant's personal involvement or participation, or direct responsibility for the conditions of which he complains. *Rascon v. Hardiman*, 803 F.2d 269, 273 (7th Cir.1986*); Wolf–Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir.1983). It is well settled that there is no "respondeat superior" liability under § 1983. *Sanville v. McCauthtry*, 266 F.3d 724, 740 (7th Cir. 2001).   Without some allegation of a specific role that defendant Marc Hodge played or some kind of discriminatory action which Hodge took against the Plaintiff,  Plaintiff's claim against Hodge cannot survive threshold review.   Therefore, upon careful review of the complaint and all

3

supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A and will dismiss, as frivolous Count 4, the claim against defendant Hodge.

### C.   CONCLUSION

The Court **DISMISSES without prejudice** Count 4, plaintiff's claim against Defendant Warden Marc Hodge for failure to state a claim upon which relief can be granted.

Counts 1, 2, and 3, has passed the Court's threshold review and the Clerk of Court **SHALL PREPARE** for Defendants C/O Kessel and C/O Gangloff:   (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).   The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.   If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.   This information shall be used only for sending the forms as directed above or for formally effecting service.   Any documentation of the address shall be retained only by the Clerk.   Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is

entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel.   Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed in forma pauperis has been granted. See 28 U.S.C. § 1915(f)(2)(A).

**IT IS SO ORDERED.**

**DATE:  August 28, 2012**

  *s/J. Phil Gilbert*
**J. PHIL GILBERT**
**United States District Judge**