IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MERRITTE, ) | |
| R-53322, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 12-CV-263-JPG |
| ) | |
| C/O KESSEL, C/O GANGLOFF, MARC ) | |
| HODGE, C/O J. FREEMAN,  C/O ) | |
| TATE, C/O BREENDEN, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for threshold review of the plaintiff's second amended complaint (Doc.17) which seeks recovery for alleged civil rights violations under 42 U.S.C. § 1983.  Plaintiff, who is incarcerated at Lawrence Correctional Center, Sumner, Illinois, asserts that because that he and his former cellmate, Regis Higgins[1] filed several grievances against the defendant correctional officers, he has been subject to retaliation and he fears for his safety.  He further asserts that Warden Hodge failed to protect the plaintiff when he refused to transfer plaintiff to another institution and otherwise has subjected plaintiff to a risk of harm from other inmates.

Named as defendants are C/O Kessel[2], Mark Hodge (Warden, Lawrence Correctional Center), C/O Gangloff, C/O J. Freeman, C/O Breeden and C/O Tate.

---

[1] Regis Higgins' claims were severed from the claims in this case (See, Doc. 16) and are now part of a separate cause of action, *See Higgins v. Kessel, et. al*, 12-632-JPG.
[2] The Court notes that defendant Kessel is identified on the docket as "C/O Kessell" but plaintiff identifies him throughout as "Kessel."

Plaintiff also has filed several motions for injunctive relief: Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 3); Motion for Preliminary Injunction and Temporary Restraining Order (Doc. 8); Amended Motion for Preliminary Injunction and for Restraining Order (Doc. 15); and a companion Motion for Hearing or for Pre-Trial Conference (Doc. 20)

A.   **THRESHOLD REVIEW**

"A provision added to the Judicial Code by the Prison Litigation Reform Act of 1996 requires the district judge to screen prisoner complaints at the earliest opportunity and dismiss the complaint, in whole or part, if. . . it 'fails to state a claim upon which relief can be granted.'" *Sanders v. Sheahan*, 198 F.3d 626 (7th Cir.1999) (quoting 28 U.S.C. § 1915A(b)(1)). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, there must be "enough facts to state a claim to relief that is plausible on its face." *Id*.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although the Court is obligated to accept factual allegations as true, see *Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit has directed that courts "should not accept as adequate

abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. See *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir.2009).

### B.    DISCUSSION

Section 1983 authorizes a court to grant relief when a party's federally protected rights have been violated by a state or local official or other person acting under color of state law. 42 U.S.C. § 1983. Under the plain language of the statute, § 1983 only applies against those acting under the color of law. In other words, the defendant must be a state actor. *See Wilson v. McRae's, Inc.*, 413 F.3d 692, 693 (7th Cir.2005).

The Seventh Circuit has held that "[A]n act in retaliation for the exercise of a constitutionally protected right is actionable under Section 1983 even if the act, when taken for different reasons, would have been proper." *Howland v. Kilquist*, 833 F.2d 639, 644 (7th Cir. 1987) (*quoted in Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012)).  And, a "prisoner has a First Amendment right to make grievances about conditions of confinement." *Watkins v. Kasper*, 599 F.3d 791, 798 (7th Cir. 2010).

It is helpful for the Court to break down the allegations of the complaint into separate claims.  Plaintiff has alleged that defendants Kessel, Gangloff, Tate, J. Freeman and Breeden retaliated against him and threatened him for exercising his First Amendment rights to file grievances against them (Count 1).  Plaintiff also alleges that defendant C/O Tate identified him to defendant C/O Breeden as a "stooly," thereby subjecting him to risk of serious harm from other inmates.  The Court construes this as a failure to protect claim (Count 2) against defendants C/O Tate and C/O Breeden. Finally, plaintiff alleges that defendant Mark Hodge has refused to

3

transfer plaintiff and has denied his requests for protective measures which were sought because of plaintiff's claimed fear of imminent harm (Count 3).

Upon review of the record, the Court **FINDS** that plaintiff's complaint is sufficient to withstand threshold review for the claims outlined above. To be held individually liable under §1983, plaintiff must allege that each defendant "caused or participated in an alleged constitutional deprivation. . ." *Kuhn v. Goodlow,* 678 F.3d 552, 555-56 (7th Cir. 2012). Plaintiff has alleged actions by each named correctional officer defendant which would rise to the level of individual liability. With respect to Warden Hodge, plaintiff seeks injunctive relief against him. Warden Hodge would be "responsible for ensuring that any injunctive relief is carried out," therefore, the §1983 claim against Hodge also survives threshold review. *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

### C. PRELIMINARY INJUNCTION MOTIONS

Plaintiff has filed several motions for preliminary injunction (Docs. 3, 8, 15) and a motion for hearing (Doc. 20). He asserts that he is entitled to injunctive relief because he has a likelihood of success on the merits, and is at risk for serious injury. He asserts that he has been subject to threats from other inmates as a result of filing grievances against defendant C/O Kessel and that he fears for his safety. He claims that he cannot otherwise legally address his grievances, and the threat of injury to the plaintiff outweighs any harm to the defendants if the injunction were to be granted.

In a preliminary injunction proceeding, a plaintiff has the threshold burden to show some likelihood of success on the merits and that irreparable harm will result if the requested relief is denied. *In re Forty–Eight Insulations, Inc.*, 115 F.3d 1294, 1300 (7th Cir.1997). If the plaintiff

succeeds in his attempt for a preliminary injunction, the imminent danger question will be temporarily resolved pending trial. However, where the plaintiff fails to show some likelihood of success on the merits, it may call into question whether the plaintiff was actually in "imminent danger of serious physical harm" to begin with.

In order to obtain emergency injunctive relief, plaintiff must support his motion with evidence to show that (1) he has no adequate remedy at law and will suffer irreparable harm if the relief is not granted; (2) the irreparable harm he would suffer outweighs the irreparable harm defendants would suffer from an injunction; (3) he has some likelihood of success on the merits of his case; and (4) the injunction would not frustrate the public interest. *Palmer v. City of Chicago*, 755 F.2d 560, 576 (7th Cir.1985). The plaintiff must satisfy each of these elements to prevail. The purpose of a preliminary injunction is to preserve the status quo pending a final hearing on the merits of the case. *American Hospital Ass'n v. Harris*, 625 F.2d 1328, 1330 (7th Cir.1980) "A preliminary injunction is an extraordinary remedy that is only granted where there is a clear showing of need." *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir.1999). And, a specific section of the PLRA entitled "Requirements for Relief," provides:

> Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief....

18 U.S.C. § 3626(a)(2).

The Court **FINDS** that plaintiff has sufficiently alleged grounds for a preliminary injunction and a hearing will be scheduled as soon as practicable.

### D. CONCLUSION

Plaintiff's complaint, therefore, has passed the Court's threshold review and the Clerk of Court **SHALL PREPARE** for Defendants C/O Kessel, Mark Hodge, C/O Gangloff, C/O J. Freeman, C/O Breeden and C/O Tate: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to

include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge Philip M. Frazier for further pre-trial proceedings.

Further, this entire matter is **REFERRED** to United States Magistrate Judge Philip M. Frazier for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed in forma pauperis has been granted. See 28 U.S.C. § 1915(f)(2)(A).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), plaintiff's motions for injunctive relief (Docs. 3, 8 and 15) are hereby **REFERRED** to United States Magistrate Judge Frazier for an evidentiary hearing and issuance of a report and recommendation.  The period for filing any objections to Judge Frazier's report and recommendation shall not exceed 7 days from the date of the report.  Consistent with the Seventh Circuit's directive, Judge Frazier shall set an evidentiary hearing as soon as practicable, in light of the time necessary to effect service of summons and for receipt of the defendants' responses to the motion for injunctive relief.  Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Frazier.

The plaintiff's motion for hearing is (Doc. 20) **DENIED**  as moot**.**

**IT IS SO ORDERED.**

**DATED:   September 13, 2012**

*s/J. Phil Gilbert*
**United States District Judge**
