IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CALVIN MERRITTE, #R53322,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No. **3:12-cv-00263-JPG-PMF** |
| | ) |
| **JAMES KESSEL,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

**REPORT AND RECOMMENDATION**

**FRAZIER, Magistrate Judge:**

Before the Court is the motion for summary judgment on the issue of exhaustion filed by defendants Tate, Freeman, and Hodge (Doc. 114) and plaintiff's (Docs. 117) response thereto. For the following reasons, it is recommended that the motion for summary judgment be granted as to Tate and Freeman, and be denied for Hodge.

## I.   BACKGROUND

Plaintiff filed a civil rights lawsuit pursuant to 42 U.S.C. 1983 on March 27, 2012. An amended complaint (Doc. 7) was filed on March 30, 2013 and a second amended complaint (Doc. 17) was filed on May 15, 2012. Co-plaintiff Regis Higgins's claims have been severed into a different case (*Higgins v. Kessell, et al.*, 12-632-JPG) and he is no longer a party to this lawsuit. In the 28 U.S.C. § 1915A merits review (Doc. 24), Judge Gilbert held that the plaintiff articulated the following colorable claims:

**Count 1:** Defendants Kessel, Ganglof, Tate, and Freeman violated the plaintiff's First Amendment rights by retaliating against him for filing prison grievances.

1

>**Count 2:** Defendant Tate violated the plaintiff's Eighth Amendment rights by subjecting him to a risk of serious harm by other inmates.
>
>**Count 3:** Warden Hodge is included in his individual and official capacity as a defendant because he denied the plaintiff's requested protective measures and for the purposes of ensuring that possible injunctive relief is implemented. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

Defendant Breeden was originally included as a defendant in Counts 1 and 2 but he was voluntarily dismissed from the case by the plaintiff (See Doc. 137). Judge Gilbert previously held that because Warden Hodge failed to respond to the plaintiff's March 14, 2012 emergency grievance within a reasonable period of time, the plaintiff exhausted his administrative remedies with respect to defendants Kessel, Ganglof, and Warden Hodge (Doc. 72).

This leaves the exhaustion issue unresolved for defendants Tate and Freeman in Count 1, and defendant Tate in Count 2. These defendants seek summary judgment on the exhaustion issue. Defendants Tate and Freeman were added to this case in plaintiff's second amended complaint, filed on May 15, 2012. Thus, the plaintiff must have exhausted his administrative remedies for those defendants prior to that date. *Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). New defendants in an amended complaint may be properly added even if exhaustion did not occur prior to filing of the original complaint, so long as exhaustion did occur for the new defendants prior to the filing of the amended complaint. *Id*.

## II. DISCUSSION

Summary judgment will be granted if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the nonmoving party.

Kasten v. Saint-Gobain Performance Plastics Corp., 703 F.3d 966, 972 (7th Cir. 2012). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by … citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials...". FED. R. CIV. P. 56(c)(1)(A). The reviewing court must construe the evidence in a light most favorable to the non-moving party and draw all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Spath*, 211 F.3d at 396.

The motion for summary judgment argues that the Plaintiff failed to exhaust administrative remedies. The Prison Litigation Reform Act ("PLRA") states:

> "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

42 U.S.C.A. § 1997e(a).  Accordingly, all prison inmates bringing an action under 42 U.S.C. § 1983 with respect to prison conditions, must first exhaust all administrative remedies that may be available to them before being allowed to proceed with a lawsuit. *See id*; *see also Pavey v. Conley*, 544 F.3d 739, 740 (7th Cir. 2008); *Perez v. Wisconsin Dept. of Corrections*, 182 F.3d 532, 535 (7th Cir. 1999).  The Seventh Circuit has taken a strict compliance approach to exhaustion, requiring inmates to follow all grievance rules established by the correctional authority. *See Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006).

For non-emergency grievances, the Illinois Department of Corrections ("IDOC") has a three-step process that prisoners are required to follow in order to exhaust administrative remedies.  For step one, the prisoner must first attempt to resolve the dispute through his or her grievance counselor. *See* 20 Ill.Admin.Code § 504.810.

3

At step two, if the prisoner is unable to resolve the dispute through his or her counselor, the prisoner may file a written grievance with the Grievance Officer within sixty (60) days of discovery of the dispute. *See id*. The Grievance Officer then considers the grievance and reports his or her findings and recommendations in writing to the warden (also known as the Chief Administrative Officer or "CAO"). *See* 20 Ill.Admin.Code § 504.830.

The third and final step of the exhaustion process is an appeal to the Administrative Review Board ("ARB"). After receiving a response from the CAO at step two, the prisoner has thirty (30) days from the date of the response to appeal to the ARB. *See* 20 Ill.Admin.Code § 504.850. With regard to prisoners under the control of the IDOC, administrative remedies may usually be deemed fully exhausted after the prisoner receives a copy of the ARB's decision at step three.

The process for emergency grievances is slightly different. Emergency grievances are forwarded directly to the CAO, and "if the [CAO] determines that there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender, the grievance shall be handled on an emergency basis." 20 Ill. Admin. Code § 504.840. If the CAO makes a determination that the grievance is not of an emergency nature the inmate is not required to resubmit the grievance through normal channels, but he may then appeal the CAO's decision directly to the ARB. 20 Ill. Admin. Code. § 504.840, *Thornton v. Snyder*, 428 F.3d 690, 694 (7th Cir.2005).

The defendants contend that the plaintiff failed to exhaust his administrative remedies pertaining to first amendment retaliation claims against Tate and Freeman, and the eighth amendment claim against Tate individually. To survive the defendants' motion for summary judgment, the plaintiff must have exhausted his administrative remedies prior to May 15, 2012.

The first mention of Tate is in an emergency grievance dated March 31, 2012. In the grievance the plaintiff complains that Tate is identifying him to the other prison staff for some unknown purpose. The grievance against Tate was reviewed by Warden Hodge on April 6, 2012 and determined not to be an emergency the same day. Freeman is first mentioned in an emergency grievance dated April 16, 2012. In that grievance the plaintiff alleges Freeman spoke to him in a threatening manner and attempted to provoke him in to an altercation. The grievance against Freeman was reviewed by Warden Hodge and determined not to be an emergency on April 23, 2012.

      The plaintiff contends that the submission of an emergency grievance will immediately satisfy the exhaustion requirement. This is incorrect. After the CAO declares an emergency grievance a non-emergency, the prisoner may then appeal that decision to the ARB. 20 Ill. Adm. Code § 504.850. The administrative process will be exhausted after the appeal to the ARB. Although, as previously stated, the prisoner is not required to start the three step process after the CAO reviews the emergency grievance.

      The affidavit and accompanying documentation from Terri Anderson, record keeper for the Administrative Review Board, indicate that the plaintiff did attempt to resubmit his March 31 grievance against Tate through the normal non-emergency process. However, this was not received by the grievance officer until June 6, 2012, which is after the May 15 filing of the amended complaint. There is also no information to suggest that the plaintiff submitted the April 16 grievance against Freeman to the ARB or attempted to resubmit it through the normal non-emergency process. Thus, it appears that the grievances naming Tate and Freeman did not make it through the full administrative process as was available to the plaintiff.

## RECOMMENDATION

For the foregoing reasons, it is recommended that summary judgment be granted for defendants Tate and Freeman because of the plaintiff's failure to exhaust administrative remedies. However Count 1 should proceed against defendants Kessel and Gangloff and Count 3 should proceed against Warden Hodge.

**SO RECOMMENDED.**

**DATED:  9/19/14  .**

                                        **s/ Philip M. Frazier**
                                        **PHILIP M. FRAZIER**
                                        **UNITED STATES MAGISTRATE JUDGE**