IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MERRITTE, # R-53322, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-263-JPG-PMF |
| ) | |
| C/O KESSELL, C/O GANGLOFF, ) | |
| MARC HODGE, J. FREEMAN, ) | |
| and TATE, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court for review of Plaintiff's Third Amended Complaint (Doc. 167). Plaintiff tendered this pleading on November 13, 2014, along with his motion for leave to file an amended and supplemented complaint (Doc. 160). The undersigned granted Plaintiff's motion in open court on November 20, 2014 (Doc. 163).

**1. Background**

Plaintiff brought this action on March 27, 2012, while he was confined at Lawrence Correctional Center ("Lawrence") (Doc. 1). He subsequently filed a Second Amended Complaint (Doc. 17) on May 15, 2012. After conducting the required merits review pursuant to 28 U.S.C. § 1915A, the undersigned Judge concluded that Plaintiff stated the following cognizable federal claims, and he was allowed to proceed with the action:

> Count 1: Defendants Kessell, Gangloff, Tate, J. Freeman, and Breeden[1] retaliated against Plaintiff and threatened him after he exercised his First Amendment right to file grievances against them;
>
> Count 2: Defendants Tate and Breeden identified Plaintiff as a "stooly," thereby subjecting him to a risk of serious harm from other inmates;

---

[1] Defendant Breeden was later dismissed from this action without prejudice at Plaintiff's request (Docs. 105, 137).

      Count 3:  Defendant Warden Hodge refused to transfer Plaintiff and denied his requests for protective measures in light of Plaintiff's fear of imminent harm.

(See Doc. 24, pp. 3-4).

The factual allegations underlying Counts 1-3 described events that occurred from January through April 2012.

In December 2012, Plaintiff sought leave to file a Third Amended Complaint (Doc. 54). His motion was denied because the proposed amended complaint did not comply with SDIL Local Rule 15.1, which requires all new material in an amended pleading to be underlined (Doc. 66).  Plaintiff was advised that he could re-file a motion for leave to file an amended complaint accompanied by a proposed amendment that complies with SDIL-LR 15.1.  He was also advised that any proposed amended pleading must adhere to the "short and plain statement" requirement in Federal Rule of Civil Procedure 8, as well as the joinder principles of Rule 20.

Plaintiff filed a motion for reconsideration of the Court's denial of his motion for leave to amend (Doc. 70).  He submitted another proposed Third Amended Complaint along with his motion.  The Court denied the reconsideration motion and rejected the proposed amended pleading, noting that it again failed to meet the formatting requirements of SDIL-LR 15.1 (Doc. 71).  Plaintiff was, however, granted an extension of time to file another Third Amended Complaint, up to March 28, 2013 (Doc. 73).  He never tendered another proposed amended pleading within that deadline.  The Defendants answered the Second Amended Complaint on March 14, 2013 (Doc. 76).

On May 9, 2013, Plaintiff filed an interlocutory appeal of the denial of his motion for preliminary injunctive relief (Doc. 84).  The Court of Appeals remanded the matter to this Court for further proceedings one year later, on May 9, 2014 (Doc. 132).

Six months later, Plaintiff submitted the proposed Third Amended Complaint.

**2.  The Third Amended Complaint (Doc. 167)**

This 25-page pleading seeks to exponentially magnify the scope of this action.  First, Plaintiff includes seventeen other named inmates as purported co-Plaintiffs, in addition to "all other Illinois Department of Corrections (IDOC) prisoners, and IDOC volunteers and correctional staff" (Doc. 167, p. 1).  Only one of those new individuals, Leondous Coleman (Inmate #S-13805) actually signed the amended complaint.  Plaintiff is now housed at Pinckneyville Correctional Center ("Pinckneyville"), as are several of the newly added co-Plaintiffs including Coleman.  The other co-Plaintiffs are housed at Lawrence.

In addition to the five remaining original Defendants (all of whom are or were employed at Lawrence), Plaintiff includes no fewer than 83 additional named Defendants, as well as numerous unknown prison staff members.  He identifies these new Defendants as being employed at Robinson, Graham, Pinckneyville, and Stateville Correctional Centers.  He also includes additional Lawrence officials among the new parties.

The factual allegations now go back to August 2009.  In the first two paragraphs, Plaintiff claims that since that time, he and his co-Plaintiffs have been subjected to retaliation and discipline for exercising their rights to association, expression, communicate complaints over their conditions of confinement, access the courts, practice their religious beliefs, and avoid self-incrimination.  In addition, Plaintiffs' legal mail has been opened, their religious practices and diets have been disallowed, their grievances have been mishandled, and they have been denied adequate medical care (Doc. 167, pp. 6-7).  Plaintiff does include allegations supporting his original three counts (Doc. 167, pp. 9-12), but then goes on to describe incidents that occurred in August, September, and October 2014 (Doc. 167, pp. 13-22).  Some of these facts suggest that

Plaintiff himself was subjected to a risk of harm at the hands of some Defendants, and was actually assaulted by a fellow inmate. Other allegations appear to relate collectively to all the co-Plaintiffs, claiming that they were injured, killed, or placed at risk of harm, without specifying which Plaintiffs were subjected to which adverse actions. The incidents that took place in October 2014 occurred at Pinckneyville, but the location of the events earlier in 2014 is not made clear. Further, many of the new allegations are made collectively against all of the numerous Defendants, on behalf of all of the Plaintiffs, and fail to specify which Defendant was personally involved in which of the alleged constitutional violations.

### 3. Discussion

Notably, Plaintiff has again failed to comply with the requirement of SDIL-LR 15.1 that all new material in the amended complaint be underlined. He has attempted to bring the pleading within the boundaries of Federal Rule of Civil Procedure 20 as to joinder of parties, by asserting that the Defendants' actions are part of a continuing policy or practice of retaliation and other adverse actions. However, the breadth and lack of specificity of many of the claims in this new pleading "makes it difficult for the defendant[s] to file a responsive pleading and makes it difficult for the trial court to conduct orderly litigation." *Vicom, Inc. v. Harbridge Merch. Serv., Inc.*, 20 F.3d 771, 775-76 (7th Cir. 1994); *see also* FED. R. CIV. P. 8.

Further, the amended complaint cannot proceed on behalf of the purported co-Plaintiffs who have not signed the document. FED. R. CIV. P. 11. A non-attorney cannot file or sign papers for another litigant. As Plaintiff was warned in the early stages of this litigation (Doc. 11), any document filed on behalf of multiple Plaintiffs must be signed by each of the Plaintiffs. When multiple Plaintiffs proceed without counsel, each Plaintiff must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P.

11.[2] Plaintiff was informed that any document failing to comply with this requirement would be stricken pursuant to Rule 11(a) (Doc. 11).

It also appears from the caption that Plaintiff now wishes to convert this case into a class action. He has not filed a motion seeking class certification, but had he done so, it would be denied at this stage. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action). The Federal Rules permit class actions to be maintained only if the class representative (in this case the *pro se* Mr. Merritte) "will fairly and adequately protect the interests of the class," FED. R. CIV. P. 23(a)(4), and "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action." *Lee v. Gardinez*, No. 11-cv-570-GPM, 2012 WL 143612, at *1 n.1 (S.D. Ill., Jan. 18, 2012) (quoting *Craig v. Cohn*, 80 F. Supp. 2d 944, 946 (N.D. Ind. 2000) (internal citations and quotation marks omitted)).

Under Rule 15(a)(2), Plaintiff may at this stage amend his pleading only by leave of Court or by obtaining the opposing party's written consent (no consent has been submitted). FED. R. CIV. P. 15(a)(2). Having now had the opportunity to more thoroughly review the Third Amended Complaint, the undersigned concludes that leave to file this particular document was improvidently granted. In addition to Plaintiff's failure to comply with the above procedural rules, the amended complaint presents great difficulty for the Defendants to respond, and will unreasonably complicate this litigation with multiple claims and parties far beyond the scope of the original suit. For these reasons, the Third Amended Complaint shall be stricken. Plaintiff shall be allowed one final opportunity to submit an amended complaint in this action, which

---

[2] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a).

must comply with this and previous orders.

Should Plaintiff wish to pursue the numerous additional claims outlined in the Third Amended Complaint, he is advised to file those claims in one or more separate lawsuits. Nothing in this order shall be construed as an opinion on the merits of those new claims.

### 4.  Disposition

The Clerk is **DIRECTED** to **STRIKE** the Third Amended Complaint (Doc. 167).

**IT IS FURTHER ORDERED** that, should he wish to again attempt to amend his complaint, Plaintiff shall file his Fourth Amended Complaint within 30 days of the entry of this order (on or before January 9th, 2015).  It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions.  He should label the pleading "Fourth Amended Complaint" and include Case Number 12-cv-263-JPG-PMF.  The amended complaint **SHALL BE LIMITED** to the claims described in Counts 1-3 above.  No additional Plaintiffs may be joined, and Plaintiff must comply with SDIL-LR 15.1 as well as Federal Rules of Civil Procedure 8, 11, and 20.  Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the operative complaint (in this case, the Second Amended Complaint at Doc. 17), rendering the previous complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).  The Court will not accept piecemeal amendments to the operative complaint.  Thus, the Fourth Amended Complaint must stand on its own, without reference to any other pleading.  Should the Fourth Amended Complaint not conform to these requirements, it shall be stricken.  Plaintiff must also re-file any exhibits he wishes the Court to consider along with the Fourth Amended Complaint.  If Plaintiff

does not file an amended complaint by the above deadline, the action shall proceed on the Second Amended Complaint (Doc. 17).

The Fourth Amended Complaint shall be subject to review under 28 U.S.C. § 1915A.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to send Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED:**  12/08/2014

                                                        s/J. Phil Gilbert
                                                        **J. PHIL GILBERT**
                                                        **United States District Judge**