IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MERRITTE, # R-53322, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 12-cv-263-JPG-PMF |
| | ) |
| C/O KESSELL, C/O GANGLOFF, | ) |
| MARC HODGE, J. FREEMAN, | ) |
| and TATE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court for review of Plaintiff's proposed Fourth Amended Complaint, which he submitted on January 9, 2015. This pleading was tendered in response to the Order of December 9, 2014 (Doc. 168), which struck Plaintiff's Third Amended Complaint (Doc. 167) and granted Plaintiff permission to file a Fourth Amended Complaint, subject to certain parameters. Along with the proposed new pleading, Plaintiff filed on January 9, 2015, a "Combined Response or Objection to the Court's Order (Doc. 158) and Motion for Leave to File an Amended and Supplemented Complaint" (Doc. 176). For the reasons explained below, the relief sought in Plaintiff's Response/Objection/Motion at Doc. 176 shall be denied, and the proposed Fourth Amended Complaint shall not be filed.[1] As such, this action shall proceed on the Second Amended Complaint (Doc. 17).

### 1. Background

The procedural history of this case, including Plaintiff's prior attempts to amend his complaint, was summarized in the order at Doc. 168, and shall not be repeated here. That order

---

[1] For purposes of reference only, a copy of the 22-page proposed Fourth Amended Complaint shall be attached to this Order as Exhibit A.

also fully discussed the reasons for the Court's rejection of Plaintiff's Third Amended Complaint, in which he attempted to unreasonably expand his claims to include numerous additional Plaintiffs and Defendants at four other prisons besides Lawrence (where the original claims arose), as well as incidents reaching back to August 2009.  After the Court ordered the Third Amended Complaint to be stricken, Plaintiff was given one final chance to submit a new amended complaint.  He was specifically instructed to limit his claims to those described in Counts 1, 2, and 3, which had previously passed the Court's scrutiny under 28 U.S.C. § 1915A (Doc. 168, p. 6).  He was also ordered to refrain from joining any additional Plaintiffs.  *Id*.

## 2.  The Proposed Fourth Amended Complaint

Plaintiff's new proposed Fourth Amended Complaint (which has not been filed of record) flagrantly ignores the Court's specific order as to the scope of the amended pleading.  Contrary to this Court's directions, Plaintiff has retained one purported named co-Plaintiff (Leondous Coleman, who signed the proposed amended complaint but has not been added as a party).  He has also included "IDOC Prisoners, and Correctional Staff" as additional classes of Plaintiffs.  Further, in addition to the remaining five Lawrence Correctional Center Defendants, he names 67 new Defendants, including prison officials at Centralia, Robinson, Graham, Vandalia, Stateville, and Pinckneyville Correctional Centers, along with an unknown number of John/Jane Doe prison employees.  Most, if not all, of these new Defendants are not associated with the pending claims in Counts 1, 2, and 3.

The claims in the proposed Fourth Amended Complaint are not limited to Counts 1, 2, and 3 in this action, which arose at Lawrence between January and April 2012.  As with the stricken Third Amended Complaint, this new pleading again starts by describing incidents in August 2009 at Centralia, Robinson, and Graham, which predate the original Lawrence claims

by approximately three years. Plaintiff also seeks to add new Lawrence claims against numerous individuals who were not involved in Counts 1, 2, and 3, including incidents that occurred long after the instant suit was filed, continuing into late 2012, 2013, and 2014. In addition to the new Lawrence claims, the proposed amended complaint includes new incidents and allegations dating from December 2013 while Plaintiff was temporarily at Stateville; May-August 2014 at Graham involving only co-Plaintiff Coleman; and up through 2014 at Pinckneyville.

### 3. Plaintiff's Response or Objection and Motion for Leave to File Amended Complaint (Doc. 176)

Plaintiff's "Response or Objection" to the December 9, 2014, order at Doc. 16 is essentially a motion seeking reconsideration of that order. Such motions are considered as either motions to alter or amend an order or judgment under Rule 59(e) *or* motions for relief from judgment/order under Rule 60(b). *See, e.g., Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).

Different standards and timetables govern Rule 59(e) and Rule 60(b) motions. Rule 59(e) permits a court to amend a judgment or order only if the movant demonstrates a manifest error of law or fact or presents newly discovered evidence that was not previously available. *See, e.g., Sigsworth v. City of Aurora*, 487 F.3d 506, 511-12 (7th Cir. 2007). A Rule 59(e) motion must be filed within 28 days of the challenged order. No extension may be allowed. FED. R. CIV. P. 6(b)(2).

Rule 60(b) permits a court to relieve a party from an order or judgment based on the following grounds:

1) mistake, inadvertence, surprise or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released, or discharged; it is based on an

>    earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> 6) any other reason that justifies relief.

Further, the reasons offered by a movant for setting aside a judgment under Rule 60(b) must be something that could not have been employed to obtain a reversal by direct appeal. *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir. 1989) ("an appeal or motion for new trial, rather than a FRCP 60(b) motion, is the proper avenue to redress mistakes of law committed by the trial judge, as distinguished from clerical mistakes caused by inadvertence"); *Swam v. U.S.*, 327 F.2d 431, 433 (7th Cir.), *cert. denied*, 379 U.S. 852 (1964) (a belief that the Court was mistaken as a matter of law in dismissing the original petition does "not constitute the kind of mistake or inadvertence that comes within the ambit of rule 60(b).").

A motion filed within 28 days of the challenged order may be considered under either Rule 59(e) or Rule 60(b). *Obriecht v. Raemisch*, 517 F.3d 489, 493-94 (7th Cir. 2008) ("whether a motion . . . should be analyzed under Rule 59(e) or Rule 60(b) depends on the *substance* of the motion, not on the timing or label affixed to it"); *Borrero v. City of Chicago*, 456 F.3d 698, 701-02 (7th Cir. 2006) (courts should analyze each post-judgment motion based on its *substance*, as opposed to the date on which it was filed).

Nonetheless, the timing of the motion remains relevant.  Rule 59(e) only applies to motions filed within 28 days after entry of judgment.  *See Talano v. Northwestern Medical Faculty Found., Inc.*, 273 F.3d 757, 762 (7th Cir. 2001) (when a motion to alter or amend under Rule 59(e) is filed too late, it "automatically becomes a Rule 60(b) motion").  In the instant case, Plaintiff's motion was filed by electronic submission on January 9, 2015.  It appears to have been handed over to prison officials for filing on January 8, 2015, which is the date on the signature page (Doc. 176, p. 3).  The order Plaintiff challenges was docketed on December 9, 2014.  Even

if the motion is deemed under the mailbox rule to have been filed on January 8, that is the 30th day following December 9. Thus, the motion was filed beyond the 28-day limit – too late to be considered as a Rule 59(e) motion. Accordingly, the Court must evaluate Plaintiff's motion under Rule 60(b).

Plaintiff argues that the Court erred as a matter of law in ordering him to limit the scope of the claims raised in his amended complaint. Citing, *inter alia*, Federal Rules of Civil Procedure 15, 18, and 19, he argues that his new claims are relevant to Counts 1, 2, and 3 because they show that the original Defendants and the new proposed parties committed their unlawful retaliatory acts pursuant to routine practices established by supervisory staff in the prison system. Such an argument falls squarely within the scope of Rule 59(e), but as noted above, Plaintiff's motion was untimely under that Rule, thus it cannot be applied here. Even if Rule 59(e) were applicable, the Court is satisfied that no legal error occurred, and the motion would be denied.

Turning to Rule 60(b), none of the specific subsections of that Rule (parts 1-5 listed above) are applicable to Plaintiff's request for relief. That leaves the "catchall" provision of Rule 60(b)(6). Despite the broad language of that section – "any other reason that justifies relief" – a reprieve from an order or final judgment under this section "is an extraordinary remedy and is granted only in exceptional circumstances." *Wickens v. Shell Oil Co.*, 620 F.3d 747, 759 (7th Cir. 2010) (quoting *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1116 (7th Cir. 1994)). Whether the circumstances in a given case are "extraordinary" is within the sound discretion of the court. *Neuberg v. Michael Reese Hosp. Found.*, 123 F.3d 951, 955 (7th Cir. 1997).

Nothing in this case or in Plaintiff's motion reveals any extraordinary or exceptional circumstances that would justify allowing Plaintiff to add numerous new claims and parties to

this action, particularly at this stage of the litigation. As noted in the Order at Doc. 168, Plaintiff has the opportunity to bring his new claims in one or more new lawsuits.[2] Rule 60(b)(6) does not provide grounds to vacate or alter the Court's order at Doc. 168 as it pertains to the scope of a permissible amended complaint. Accordingly, Plaintiff's motion (Doc. 176) shall be denied.

**4. Disposition**

The proposed Fourth Amended Complaint fails to comply with this Court's order of December 9, 2014, as to the permitted scope of the amended pleading. Plaintiff's motion at Doc. 176 does not present any grounds for the Court to alter its ruling limiting the contents of an amended complaint in this case. For these reasons, as well as the reasons explained in the December 9, 2014, order (Doc. 168), the proposed Fourth Amended Complaint is unacceptable and in violation of the Court's order.

**IT IS THEREFORE ORDERED** that the motion at Doc. 176 is **DENIED.** Plaintiff's proposed Fourth Amended Complaint **IS REJECTED** and shall not be filed to supersede the Second Amended Complaint. This action shall proceed only on the claims contained in Counts 1, 2, and 3 in the Second Amended Complaint (Doc. 17).

Because the rejection of the proposed Fourth Amended Complaint means that the claims set forth by purported co-Plaintiff Coleman will not be addressed in this case, the Clerk is **DIRECTED** to transmit a copy of this order to Leondous Coleman, Inmate No. S-13805, at Pinckneyville Correctional Center. Coleman is advised that if he wishes to pursue the claims included in that proposed pleading, he must file them in a separate lawsuit. Nothing herein

---

[2] In light of the requirement that prisoners must exhaust their administrative remedies before litigation may be commenced, *see* 28 U.S.C. § 1997e(a), it appears that the more recent claims could only be brought as part of a new case, because they could not have been exhausted before 2012, when Plaintiff filed the instant case.

shall be construed as a comment on the merits of those claims.

**IT IS SO ORDERED.**

**DATED:** 1/15/2015

                                            s/J. Phil Gilbert
                                            **J. PHIL GILBERT**
                                            **DISTRICT JUDGE**