IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MERRITTE, # R-53322, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 12-cv-00263-JPG-PMF |
| ) | |
| C/O KESSELL, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter comes before the court on Plaintiff's Motion (Doc. 206) to Alter or Amend Judgment (Doc. 203) pursuant to "28 U S C § 1746 and FRCP 59." Plaintiff is requesting that the Court alter or amend its denial of injunctive relief. Plaintiff also filed a Motion for Hearing (Doc. 207) on Plaintiff's Motion to Alter or Amend Judgment. After examining the motion and record, the Court finds that oral argument is unnecessary. As such, Plaintiff's Motion for Hearing (Doc. 207) is denied.

The Court notes that the Plaintiff made several other requests within this motion. Plaintiff's request for appointment of counsel to subpoena non- prisoner witness is denied as moot as Plaintiff is currently represented by counsel. Plaintiff's request for a transcript is also denied as moot given that his counsel can obtain any necessary transcripts.

Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). It "does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance arguments that could and should have been

1

presented to the district court prior to the judgment." *Moro*, 91 F.3d at 876.  Rule 59(e) relief is only available if the movant clearly establishes one of the foregoing grounds for relief. *Harrington*, 433 F.3d at 546 (citing *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n. 3 (7th Cir. 2001)).

Plaintiff's initial Motions for injunctive relief were denied and Plaintiff filed an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1).  The United States Court of Appeals for the Seventh Circuit held that the District Judge did not fully address Plaintiff's claims with regard to his fear of serious harm from other inmates.  As such, the Appellate Court vacated and remanded.

Upon remand, the District Judge held an evidentiary hearing which the Plaintiff attended in person.  The Plaintiff was permitted five witnesses that appeared via video conference and were subject to examination by the Plaintiff and by counsel for the Defendants.  (Doc. 200).  Finally, Plaintiff was granted permission and filed Supplemental Arguments and Exhibits (Doc. 201).

After the hearing and consideration of the supplemental arguments and exhibits, the Court issued its Memorandum and Order (Doc. 203) denying Plaintiff's Motions for Injunctive Relief.

Plaintiff now moves this Court "to alter or amend its misjudgments regarding the denial of his preliminary injunction motions." (Doc. 206, pg 1).  Plaintiff's first argument is that he was prejudiced by his inability to subpoena non-prisoner witnesses and that the Court "could have sought counsel (subsequent to the granting of recruitment of counsel motion) to specifically handle the subpoena forms to secure non-prisoner witnesses."  (Doc. 206, pg 1).

Plaintiff requested the following non-prisoner witnesses:

1. Jackie Miller, a member of the Illinois Department of Corrections Administrative Review Board, requested to provide testimony with regard to plaintiff's requests for protective custody and to have "personally denied his requests."

2. Leslie McCarthy, a member of the Illinois Department of Corrections Administrative Review Board, requested to provide testimony with regard to plaintiff's requests for protective custody from "correctional staff and prisoners that correctional staff made efforts to have him assaulted by and 2) correctional staff that made efforts to let him die from serious medical conditions."

3. Lt. Brian Stafford, a Lieutenant for the Illinois Department of Correction ("IDOC"), requested to provide testimony with regard to "Calvins reports of Calvins complaints that he had been threatened with violence by prisoners in 2012."

4. B. DeWeese, a correctional staff member of the IDOC, requested to provide testimony that prisoners are "required to be disciplined or involved in a physical altercation before they are separated" and that B. DeWeese personally disciplined the plaintiff for reporting a conflict with another inmate.

5. Oscar Rodriguez, "chief enforcer for a gang" who attacked the plaintiff on August 17, 2014. (Doc. 190).

28 U.S.C. § 1821(a)(1) requires per diem witness fees and/or mileage fees to be tendered for service of the subpoenas on witnesses. The Court does not have the authority to waive these fees or to advance them, even for indigent litigants. *See McNeil v. Lowery,* 831 F.2d 1368, 1373 (7th Cir. 1987). Further, all the witnesses, with the exception of Oscar Rodriguez, are not

alleged to have personal knowledge of any incidents – only that the Plaintiff filed grievances and/or complaints. The only relevant testimony of these witnesses would have been on the issue of exhaustion of administrative remedies – which was not an issue at the hearing.

Oscar Rodriguez, as an inmate, did not require a per diem witness fee. However, the Court conducted a hearing on November 20, 2014, specifically to address the issue of witnesses. At the hearing, Plaintiff provided the Court with a short summary and the relevancy of the expected testimony of each requested witness. Based on the information provided, the Court allowed the Plaintiff to call five witnesses at the hearing. Also at this hearing, the Court granted Plaintiff's Motion for the recruitment of counsel and directed the Magistrate Judge to attempt to obtain voluntary counsel for the plaintiff. (Doc. 163).

The Magistrate Judge solicited the Plaintiff's case to the entire list of pro bono volunteers and no counsel came forth. Therefore, the Plaintiff was required to continue *pro se*. (Doc. 164). However, even if Plaintiff had counsel at the time of the hearing, such counsel would have no bearing on the relevance of the witnesses' testimony. The Court allowed, or disallowed, the witnesses based on the probative value of their testimony.

Next, the Plaintiff argues that the fact that he was not threatened since his arrival at Pinckneyville does not negate the fact that a threat remains due to being falsely labeled as a "stool pigeon" by "IDOC staff & IDOC prisoners." (Doc. 206, pg 2). This issue was presented and addressed at the hearing and Plaintiff has provided no newly discovered material evidence or intervening changes in the controlling law that would cause the Court to reconsider its ruling.

Finally, there are numerous unsupported allegations of unprofessional conduct by the Court. This Court will not address those allegations, but will simply remind the Plaintiff of his right to appeal.

Plaintiff filed his first motion for injunctive relief on March 27, 2012. For over three years, Plaintiff has alleged that there is a substantial threat of irreparable harm. Plaintiff has not provided evidence sufficient to demonstrate that he would suffer irreparable harm if injunctive relief is not granted – especially in light of the fact that the injunctive relief he sought in his motions is moot due his transfer from Lawrence Correction Center.

Plaintiff failed to meet his burden at the hearing and now fails to provide any newly discovered material evidence or intervening changes in the controlling law that would necessitate this Court to alter or amend its judgment. Therefore, Plaintiff's Motion (Doc. 206) to Alter or Amend Judgment (Doc. 203) is **DENIED.**

**IT IS SO ORDERED.**

**DATED:** 10/7/2015

*s/J. Phil Gilbert*
**J. PHIL GILBERT**
**DISTRICT JUDGE**