IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MERRITTE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 12-263-RJD ) |
| C/O KESSEL, et al., | ) ) |
| Defendants. | ) ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, Calvin Merritte, a former inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center. Plaintiff is proceeding on the following claims:

**Count 1:** Defendants Kessel and Gangloff retaliated against him for exercising his First Amendment right to file grievances by labeling him as a snitch and otherwise harassing him;

**Count 3:** Defendant Hodge violated Merritte's Eighth Amendment rights by failing to protect Merritte from the retaliatory conduct of Defendants Kessel and Gangloff.

On January 5, 2018, Attorney Nathaniel Schmitz was assigned as counsel for Plaintiff. On March 30, 3018, Plaintiff was released from custody. On September 25, 2018, counsel for Plaintiff informed the Court that in recent months he had made multiple attempts to reach Plaintiff via phone and mail and Plaintiff had not responded.

The Court issued an Order on September 25, 2018, requiring Plaintiff to show cause and

explain why this matter should proceed given his failure to notify his counsel of his current contact information and to assist with the preparation of his case for trial (Doc. 338). He was warned that his failure to file a response to the Show Cause Order "will result in dismissal of this lawsuit with prejudice." As of this date, no response has been received, and there is no indication that the Court's Order was not delivered to Plaintiff.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Under Rule 41(b), an action may be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (quoting *Williams v. Chicago Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998) (other citations omitted). The Seventh Circuit has identified several factors a court should consider before entering an involuntary dismissal, including:

> the frequency of the plaintiff's failure to comply with deadlines; whether the responsibility for mistakes is attributable to the plaintiff herself or to the plaintiff's lawyer; the effect of the mistakes on the judge's calendar; the prejudice that the delay caused to the defendant; the merit of the suit; and the consequences of dismissal for the social objectives that the litigation represents. *Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003).

Though dismissal is left up to the discretion of district courts, courts are strongly encouraged to provide an explicit warning before a case is dismissed; especially where the litigant is *pro se*. *Fischer v. Cingular Wireless, LLC*, 446 F.3d 663, 665 (7th Cir. 2006); *see also In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995).

Based upon a review of the record and upon consideration of the applicable law, the Court will dismiss this case for failure to prosecute. The Court finds that the Plaintiff's inaction and unwillingness to communicate with his counsel demonstrates a clear record of delay and

contumacious conduct that has needlessly delayed this litigation. Plaintiff was provided an explicit warning that his failure to respond to the Court's Show Cause Order would result in dismissal. While the Court notes that less severe sanctions are available, they would be unavailing as it is apparent that Plaintiff has lost interest in litigating this matter against these Defendants. Moreover, Defendants would be unreasonably prejudiced if this matter were allowed to languish on the Court's docket any longer.

Accordingly, this case is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:   October 15, 2018**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**