IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CALVIN MERRITTE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-263-RJD |
| | ) |
| C/O KESSEL, et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff, Calvin Merritte, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983, alleging his constitutional rights were violated while he was incarcerated at Lawrence Correctional Center. Plaintiff proceeded in this case on a claim of retaliation against Defendants Kessel and Gangloff and a claim of failure to protect against Defendant Hodge.

On May 17, 2019, Plaintiff filed a motion for relief from judgment (Doc. 349). This motion is now before the Court. For the reasons set forth below, the motion is **DENIED**.

**RELEVANT BACKGROUND**

On June 6, 2017, Plaintiff, through appointed counsel, filed a Stipulation of Dismissal (Doc. 312) and an Order Dismissing Case (Doc. 313) was entered. On November 27, 2017, Plaintiff filed a Motion to Reinstate this Action (Doc. 315). Following a hearing, the Court granted Plaintiff's motion and reinstated the case on December 21, 2017 (Doc. 322).

On January 5, 2018, Attorney Nathaniel Schmitz was assigned as new counsel for Plaintiff. On March 30, 3018, Plaintiff was released from custody. The Court held a status conference on

June 14, 2018 and re-set the case for trial (Doc. 331). On September 25, 2018, counsel for Plaintiff informed the Court that for two months he had made multiple attempts to reach Plaintiff via phone and mail and Plaintiff had not responded. The Court issued an Order on September 25, 2018, requiring Plaintiff to show cause and explain why the matter should proceed given his failure to notify his counsel of his current contact information and to assist with the preparation of his case for trial (Doc. 338). He was warned that his failure to file a response to the Show Cause Order "will result in dismissal of this lawsuit with prejudice." Plaintiff failed to timely file a response to the Order and there was no indication that the Court's Order was not delivered to Plaintiff.

On October 15, 2018, the Court dismissed this case for failure to prosecute and judgment was entered. The Court found that Plaintiff's inaction and unwillingness to communicate with his counsel demonstrated a clear record of delay and contumacious conduct that needlessly delayed the litigation. Plaintiff was provided an explicit warning that his failure to respond to the Court's Show Cause Order would result in dismissal.

## LEGAL STANDARDS

Although Plaintiff fails to cite the particular rule that serves as the basis for his motion, he acknowledges the motion was not filed within 28 days after the entry of judgment as required by Rule 59. The Court finds that given his request and the timing thereof, Federal Rule of Civil Procedure 60(b) controls. It is well settled that relief pursuant to Rule 60(b) is an extraordinary remedy and is granted only in exceptional circumstances. *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (citation omitted). Under Rule 60(b), a court may relieve a party from an order where there is "mistake, inadvertence, surprise, or excusable neglect," "newly discovered evidence that, with reasonable diligence could not have been discovered in time to

move for a new trial," or "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987).

## DISCUSSION

Plaintiff argues his case should be reinstated because his appointed counsel "never successfully informed me of any miscommunications." Plaintiff further argues on November 15, 2018, he was incarcerated at LaSalle County Jail and deprived of mail and legal materials which interfered with his ability to litigate his cases.

Plaintiff has failed to set forth any explanation as to why he stopped communicating with appointed counsel as early as July 2018. Further, Plaintiff provides no justification as to why he failed to respond to the Court's Order to Show Cause (Doc. 338) entered on September 25, 2018. It appears Plaintiff lost interest in litigating this case after he was released from custody and no longer incarcerated. Only after Plaintiff was re-incarcerated has he decided now, seven months after Judgment was entered, that he is once again interested in litigating this case. Plaintiff fails to set forth any appropriate basis on which to seek reconsideration. Plaintiff's Motion for Relief from Judgment is **DENIED**.

Plaintiff's Motion for Preliminary and Permanent Injunctions (Doc. 350) and Motion for Court Order (Doc. 351) are **DENIED**.

**IT IS SO ORDERED.**

**DATED:** May 22, 2019

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**